IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:21-cr-38 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| KELLI PRATHER, | : | |
| Defendant. | : | |

---

**ORDER DENYING MOTION IN LIMINE (Doc. 42)**

---

This matter is before the Court on the Government's Motion in Limine (Doc. 42). In the motion, the Government moves in limine (1) for a pre-trial ruling that certain documents are self-authenticating, (2) to preclude Defendant from presenting evidence or arguments that blame the alleged victims in this case, and (3) for a pre-trial ruling that evidence of past statements by the Defendant concerning her income, assets, and financial resources be admissible. Defendant failed to timely respond to the Government's motion. Thus, the matter is ripe for review.

For the reasons below, the Government's Motion in Limine (Doc. 42) is **DENIED**.

**I. Standard**

The purpose of motions in limine is "to avoid delay and ensure an evenhanded and expedient trial by ruling on certain evidentiary issues in advance of trial." *Enoch v. Hamilton Cnty. Sheriff*, 588 F. Supp. 3d 806, 811 (S.D. Ohio 2022). This Court adjudicates motions in limine under its "inherent authority to manage the course of trials." *Luce v.*

*United States*, 469 U.S. 38, 41 n. 4 (1984). Only when evidence is clearly inadmissible on all potential grounds should a court exclude evidence in limine. *Enoch*, 588 F. Supp. 3d at 811. "Unless evidence meets this high standard, evidentiary rulings are generally deferred until trial[,] so that questions of foundation, relevance, and potential prejudice may be resolved in the [trial] context." *Id.* It is the moving party's burden to show that the evidence it seeks to exclude is clearly inadmissible. *Corp. Comm'n. Serv. of Dayton, LLC v. MCI Commc'n. Serv., Inc.*, No. 3:08-cv-046, 2010 U.S. Dist. LEXIS 45571, *1 (S.D. Ohio Apr. 12, 2010).

Denial of a motion in limine does not mean that the evidence is guaranteed to be admitted at trial; the Court will hear objections to such evidence if and when they arise at trial. *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). And, the court has the discretion to alter a previous in limine ruling during trial. *Luce*, 469 U.S. at 41-42.

## II. Self-Authenticating Documents

The Government first requests that the Court find that certain documents are self-authenticating under Federal Rule of Evidence 902. (Motion in Limine, Doc. 42, Pg. ID 221-22.) These documents include bank records, Small Business Administration loan records, and "other records of regularly conducted business activity." (*Id.*) The Government contends that these records are self-authenticating as records of "regularly conducted activity" under Rule 902(11) and as "certified records generated by an electronic process or system" under Rule 902(13). (*Id.*)

Federal Rule of Evidence 901 prescribes the process for evidentiary authentication. Under Rule 901, in order "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." *United States v. Jones*, 107 F.3d 1147, 1150 n.1 (6th Cir. 1997) (citation omitted). However, certain items are self-authenticating. Fed. R. Evid. 902. These items "require no extrinsic evidence of authenticity in order to be admitted." *Id.*

Rule 902(11) provides that business records are self-authenticating if (1) "a certification of the custodian or another qualified person" shows that the "original or a copy of a domestic record" complies with Federal Rule of Evidence 803(6); (2) the certification "complies with a federal statute or a rule prescribed by the Supreme Court"; and (3) "[b]efore the trial . . ., the proponent . . . give[s] an adverse party reasonable written notice of the intent to offer the record" and "make[s] the record and certification available for inspection [by the adverse party]." Fed. R. Evid. 902(11). Rule 803(6) provides that evidence is "not excluded by the rule against hearsay" if (1) "the record was made at or near the time by—or from information transmitted by—someone with knowledge"; (B) "the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit"; and (C) "making the record was a regular practice of that activity." Fed. R. Evid. 803(6). Lastly, Rule 902(13) provides that a "record generated by an electronic process or system that produces an accurate result" is self-authenticating so long as it is certified by a qualified individual

3

under the process described in Rule 902(11). Fed. R. Evid. 902(13).

Here, the Court must defer ruling on whether certain documents are self-authenticating. The Government has not identified the specific exhibits that they wish to be deemed self-authenticating. Instead, the Government's request applies generally to "bank records, [Small Business Administration] loan records, and other records." (Motion in Limine, Doc. 42, Pg. ID 221.) Without a more specific identification, the Court cannot ensure that these documents meet the certification requirements of Rule 902 or the business records requirements of Rule 803. Thus, the Court defers ruling on this issue until the Government attempts to admit the specific exhibits at trial.

### III. Victim Blaming Arguments

Next, the Government requests that this Court prohibit Defendant from presenting evidence or arguments that "blame the victims." (Motion in Limine, Doc. 42, Pg. ID 222-23.) The Government maintains that this sort of argument may occur if Defendant "accus[es] Fifth Third Bank, the Small Business Administration, or their employees of negligence" or if Defendant "assert[s] that these institutions lacked adequate internal controls or could have prevented the fraud perpetrated." (*Id.* at Pg. ID 222.) The Government maintains that this restriction is appropriate because negligence is not a defense for bank fraud. (*Id.*)

Other circuit courts have explicitly found that a victim's negligence is not a defense to fraud. *See, e.g., United States v. Lindsey*, 850 F.3d 1009, 1015 (9th Cir. 2017); *United States v. Rennert*, 374 F.3d 206, 213 (3d Cir. 2004) ("fraud victim's negligence or lack of diligence

4

in uncovering the fraud is not a defense"). The Sixth Circuit has indicated that it takes a similar stance. *See United States v. Winkle*, 477 F.3d 407, 421 n.3 (6th Cir. 2007) ("the victim of a bank fraud is the bank, not the CEO of the bank, and approval of a bank officer does not relieve a defendant of liability for bank fraud.").

Nevertheless, at this time, it is inappropriate for the Court to restrict Defendant's arguments for trial. As noted, a victim's negligence cannot be used as a defense to fraud. But, good faith by the defendant is a defense to fraud. *See United States v. Frost*, 125 F.3d 346, 372 (6th Cir. 1997) (endorsing an instruction that stated, among other things, "good faith on the part of a defendant is inconsistent with an intent to defraud."). In turn, Defendant may cite to behavior by the bank and its employees in presenting a good faith defense. But, before trial, the Court cannot know the exact arguments that Defendant intends to present. So, while a negligence defense should be excluded, the Court is hesitant to make an overbroad ruling that restricts Defendant from making any argument that "blames the victim." To be sure, if Defendant makes an argument that the victims' negligence waives Defendant's culpability, the Court will rule on any objection accordingly.

Thus, the Court defers ruling on this evidentiary issue until trial.

### IV.     Statements Regarding Income, Assets, and Resources

Finally, the Government requests that this Court admit "statements" made by Defendant concerning her income, assets, and resources. (Motion in Limine, Doc. 42, Pg. ID 223-25.) These statements include, but are not limited to, other loan applications

submitted by Defendant, income tax records, and bankruptcy records. (*Id.* at Pg. ID 223.) As these documents may constitute "other acts" prohibited under Federal Rule of Evidence 404(b), the Government requests that this evidence be admitted to show "motive, knowledge, planning, absence of mistake, modus operandi, and intent." (*Id.* at Pg. ID 224.)

Under Rule 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may be admissible, however, if provided for another purpose. Fed. R. Evid. 404(b)(2). These other purposes include "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.*

To determine the admissibility of evidence under Rule 404(b), the Court uses a three-step analysis. *United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004). First, the Court must make a preliminary determination of whether there is sufficient evidence that the "other acts" took place. *Id.* Second, the Court must determine whether the "other acts" evidence is admissible for a proper purpose under Rule 404(b). *Id.* Finally, the Court must determine whether the "other acts" evidence is more prejudicial than probative. *Id.*

Here, the Court does not have enough information available to make a Rule 404 determination. The request applies broadly to an array of documents, which restricts the Court's ability to determine whether all of the documents constitute "other acts" that actually took place. Additionally, the "other purpose" that the Government intends to

6

use these exhibits for is not yet clear to the Court. In turn, a Rule 404 determination on these documents is more appropriate for resolution at trial.

## V. Conclusion

Based on the foregoing, the Government's Motion in Limine (Doc. 42) is **DENIED**, as the requested admissibility determinations are better suited for consideration at trial.

**IT IS SO ORDERED.**

By: *[signature]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

JUDGE MATTHEW W. McFARLAND