# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:21-CR-38 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| KELLI PRATHER, | : | |
| Defendant. | : | |

## ORDER DENYING MOTION FOR RECONSIDERATION (Doc. 63)

This matter is before the Court on Defendant's Motion for Reconsideration (Doc. 63). The Government has filed a Response in Opposition (Doc. 64). Thus, this matter is ripe for the Court's review. Based on the following, Defendant's Motion for Reconsideration (Doc. 63) is **DENIED**.

On July 25, 2023, a jury found Defendant guilty of Counts One through Fourteen of the Amended Superseding Indictment. (07/25/2023 Minute Entry.) Pursuant to 18 U.S.C. § 3143, the Court ordered Defendant to be detained pending sentencing, finding that there was no clear and convincing evidence that Defendant was not likely to flee or pose a danger to the safety of others. (07/26/2023 Notation Order.) Defendant now moves for the Court to reconsider its decision to detain her pending sentencing. (*See* Motion, Doc. 63.)

"Neither the Federal Rules of Criminal Procedure nor the Court's Local Criminal Rules expressly provide an avenue for parties [in a criminal case] to seek reconsideration

of an order." *United State v. Mathews*, No. 2:19-CR-41, 2024 U.S. Dist. LEXIS 22307, at *2 (S.D. Ohio Feb. 8, 2024). The Supreme Court has nevertheless held that criminal defendants may file motions for reconsideration. *See United States v. Ibarra*, 502 U.S. 1, 6-7 (1991). Motions for reconsideration in criminal cases are typically evaluated under the same standard as a motion to alter or amend under Federal Rule of Civil Procedure 59(e). *See, e.g., United States v. Robinson*, 5 F. Supp. 3d 933, 936 (S.D. Ohio 2014). A party moving for reconsideration under Rule 59(e) must demonstrate one of the following: "(1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *United States v. Salazar*, No. 2:17-CR-179, 2019 U.S. Dist. LEXIS 7903, at *2 (S.D. Ohio Jan. 16, 2019).

Defendant does not present new evidence, cite to intervening authority, or demonstrate that the Court erred in detaining her pending sentencing. (*See* Motion, Doc. 63.) Generally, a defendant found guilty of an offense and who is awaiting sentencing must be detained unless the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1). The Court found that there was no clear and convincing evidence that Defendant was not a flight risk or likely to pose a danger to others. (07/26/2023 Notation Order.) Defendant does not point to any new evidence in her Motion for Reconsideration to change that finding. (*See* Motion, Doc. 63.) So, the Court did not err in detaining Defendant pending sentencing.

Based on the foregoing, Defendant's Motion for Reconsideration (Doc. 63) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND