**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:21-cr-38 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| KELLI PRATHER, | : | |
| | : | |
| Defendant. | : | |

---

## ORDER

---

This matter is before the Court on Defendant Kelli Prather's Pro Se Motion to Extend the Time to File a Motion for Reconsideration for Compassionate Release (Doc. 107) and Pro Se Motion for Reconsideration for Compassionate Release (Doc. 108). The Government filed a Response in Opposition (Doc. 109), to which Defendant filed a Reply in Support (Doc. 112). Thus, this matter is fully briefed and ripe for review. For the following reasons, the Court **GRANTS** Defendant's Motion to Extend the Time to File a Motion for Reconsideration for Compassionate Release (Doc. 107) and **DENIES** Defendant's Motion for Reconsideration for Compassionate Release (Doc. 108).

### I.       Motion for Extension

First, the Court considers Defendant's Motion to Extend the Time to File a Motion for Reconsideration for Compassionate Release (Doc. 107). "A motion for reconsideration in a criminal case must be filed within the 14-day period for filing an appeal." *United States v. Gordon*, No. 23-3188, 2024 WL 1005772, at *2 (6th Cir. Mar. 4, 2024); *see also United*

*States v. Correa-Gomez*, 328 F.3d 297, 299 (6th Cir. 2003). Upon a finding of excusable neglect or good cause, however, a district court may extend this time for up to an additional 30 days. Fed. R. App. P. 4(b)(4). Here, the Court denied Defendant's Motion for Compassionate Release on January 3, 2025. (Order, Doc. 106.) Defendant's Motion for Extension of Time was postmarked February 13, 2025. (Motion to Extend, Doc. 107, Pg. ID 1767.) Defendant asks the Court to extend the time to file her Motion for Reconsideration because she did not receive the order denying her motion for compassionate release within the fourteen-day timeframe due to mail issues. (*Id.*) The Government has not voiced opposition to reviewing the merits of Defendant's Motion for Reconsideration. (*See* Response, Doc. 109.) Thus, for good cause and excusable neglect shown, the Court will consider Defendant's Motion for Reconsideration. *See United States v. Dotz*, 455 F.3d 644, 647 (6th Cir. 2006).

## II.     Motion for Reconsideration

Though the Federal Rules of Criminal Procedure do not expressly provide for reconsideration of an order, courts considering motions for reconsideration in the criminal context have looked to Federal Rule of Civil Procedure 59. *See United States v. Mathews*, No. 2:19-CR-41, 2024 WL 495539, at *1 (S.D. Ohio Feb. 8, 2024) (collecting cases); *United States v. Healy*, 376 U.S. 75, 78 (1964). "The standard for a motion to reconsider under Rule 59(e) is 'necessarily high.'" *United States v. Stargell*, No. 3:17-CR-28, 2022 WL 1540238, at *2 (S.D. Ohio May 16, 2022) (quotation omitted). "A court may only grant a Rule 59(e) motion if the moving party shows (1) a clear error of law; (2) newly discovered

2

evidence; (3) an intervening change in the controlling law; or (4) a manifest injustice." *Id.* (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

Defendant seeks reconsideration of her Motion for Compassionate Release based largely on the same reasoning previously offered and rejected by the Court. (*Compare* Motion for Reconsideration, Doc. 108, *with* Motion for Compassionate Release, Doc. 99; Order Denying Compassionate Release, Doc. 106.) Notably, "a motion to reconsider should not be used to re-litigate issues previously considered." *Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 671 (6th Cir. 2003); *see also Hanna v. Marriott Hotel Servs., Inc.*, No. 3:18-CV-325, 2019 WL 7482144, at *1 (M.D. Tenn. Mar. 18, 2019) (explaining that a motion for reconsideration provides a party with neither an opportunity for a "second bite at the apple" nor a "request that a court rethink a decision already made").

While Defendant's Motion for Reconsideration primarily recites medical conditions and information previously presented in her Motion for Compassionate Release, it appears that Defendant makes a few new arguments. Viewed as either a motion for reconsideration or a second motion for compassionate release, the Court finds each contention unpersuasive. Defendant asserts that she has suffered from "long Covid" and other infections (Motion, Doc. 108, Pg. ID 1768), but she neither sufficiently demonstrates how this qualifies as an extraordinary condition nor provides adequate accompanying documentation. Additionally, Defendant contends that Atwood Satellite Camp is experiencing an outbreak of infectious diseases, as well as problems with black mold, asbestos, and lead. (*Id.* at Pg. ID 1769, 1772.) But, Defendant is not presently located

at this facility. (Reply, Doc. 112, Pg. ID 1845; https://www.bop.gov/inmateloc/ (last visited 7/14/2025)). To the extent Defendant reasserts that her lymphedema necessitates compassionate release, she has not provided additional documentation or reasoning that would alter the Court's pervious analysis. The Government, for its part, represents that it has again contacted the federal medical center, which has confirmed that Defendant's medical conditions are manageable and treatable. (Response, Doc. 109, Pg. ID 1824.)

Finally, even assuming that Defendant can show extraordinary circumstances relating to her medical conditions, the Court still finds that the 18 U.S.C. § 3553(a) factors counsel against compassionate release for the reasons previously established. (*See* Order Denying Compassionate Release, Doc. 106, Pg. ID 1764-65.) After examining Defendant's arguments (Motion, Doc. 108, Pg. ID 1771), the Court concludes that the § 3553(a) factors serve as an independent bar to the requested relief. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Thus, the Court denies Defendant's Motion for Reconsideration.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Extend the Time to File a Motion for Reconsideration for Compassionate Release (Doc. 107) and **DENIES** Defendant's Motion for Reconsideration for Compassionate Release (Doc. 108).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND