**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:21-cr-38 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| KELLI PRATHER, | : | |
| Defendant. | : | |

---

**ORDER AND OPINION**

---

This matter is before the Court on Defendant's Motion to Delay Federal Restitution Payments (Doc. 115), Motion to Remove Prosecutors (Doc. 117), and Motions for Reconsideration (Docs. 122, 127). The Government filed Responses in Opposition (Docs. 129-31) to each of Defendant's motions, to which Defendant filed Replies in Support (Docs. 134-35, 137). These matters are thus ripe for the Court's review. For the following reasons, Defendant's Motion to Delay Federal Restitution Payments (Doc. 115), Motion to Remove Prosecutors (Doc. 117), and Motions for Reconsideration (Docs. 122, 127) are all **DENIED**.

## I. Motions for Reconsideration (Docs. 122, 127)

Defendant's Motions for Reconsideration (Docs. 122, 127) ask the Court to reduce Defendant's sentence based on her post-sentencing rehabilitation programming. (Motion for Reconsideration, Doc. 122, Pg. ID 1978–79; Motion for Reconsideration, Doc. 127, Pg. ID 2015–16.)

A federal district court's authority to modify a criminal defendant's sentence of imprisonment is expressly limited by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). A district court may modify a defendant's sentence (1) upon the motion of the Director of the Bureau of Prisons, (2) when permitted by a statute or Federal Rule of Criminal Procedure 35, or (3) when a defendant's sentence is based on a sentencing range that was later lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). The statutes cited by Defendant, 18 U.S.C. §§ 3741(e) and 3742(e), confer no authority to modify a sentence—§ 3741 references the harmless error and plain error standards of review as outlined in the Federal Rules of Criminal Procedure, and § 3742(e) outlines the considerations that the court of appeals should consider in reviewing a defendant's sentence. And, none of the exceptions set forth in § 3582(c) are applicable here. Accordingly, Defendant's Motions for Reconsideration (Docs. 122, 127) are denied.

## II. Motion to Delay Federal Restitution Payments (Doc. 115)

Next, Defendant's Motion to Delay Federal Restitution Payments (Doc. 115) requests that the Court suspend restitution payments until Defendant is released from custody. (*Id.* at Pg. ID 1954.) In response to this request, the Government argues that this Court lacks any jurisdictional basis to alter or amend the final judgment entered in this case, which states that restitution is due immediately and that Defendant must make payments from any income earned during prison employment. (Response, Doc. 129, Pg. ID 2047-48; Judgment, Doc. 67, Pg. ID 599-600.)

As noted above, the Court cannot modify Defendant's sentence, including her restitution, "unless such authority is expressly granted by statute." *United States v. O'Hara*, 114 F.4th 557, 560 (6th Cir. 2024) (quoting *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013)). Thus, "if a court wants to change a restitution order, it must point to express statutory authorization to do so." *Id.* Defendant offers no statutory basis for her request to delay restitution payments, and the Court is unaware of any statute that would be applicable here. *See id.* at 560–61 (noting that "[o]nly a few statutory provisions—mainly in 18 U.S.C. § 3664—expressly allow modification in this context"). Accordingly, Defendant's Motion to Delay Federal Restitution Payments (Doc. 115) is denied.

## III. Motion to Remove Prosecutors (Doc. 117)

Lastly, Defendant's Motion to Remove Prosecutors (Doc. 117) requests that the Court remove the assistant United States attorneys ("AUSAs") who have entered appearances in this case. (*Id.* at Pg. ID 1962.) Defendant contends that the AUSAs in this case have a conflict of interest, as Defendant brought a separate civil lawsuit against them. (*Id.*) Defendant also argues that the AUSAs failed to serve her with a copy of a motion and attempted to violate her constitutional rights by requesting she waive her attorney-client privilege in connection with her Motion to Vacate (Doc. 114), which the Court has since dismissed at Defendant's request. (*Id.*; Dismissal Order, Doc. 126.)

"District courts possess broad discretion when deciding whether counsel for one of the parties before it should be disqualified." *Greene v. Indep. Pilots Ass'n*, No. 3:14-CV-628, 2016 U.S. Dist. LEXIS 160901, at *4 (W.D. Ky. Nov. 21, 2016). However, "[t]he

disqualification of Government counsel is a drastic measure and a court should hesitate to impose it except where necessary." *United States v. Bolden*, 353 F.3d 870, 878 (10th Cir. 2003). A state's ethical rules equally apply to federal prosecutors and other attorneys who practice in the state. *See* 28 U.S.C. § 530B(a); *see also United States v. Ford*, 176 F.3d 376, 381 (6th Cir. 1999) (considering whether federal prosecutor practicing in Kentucky should have been disqualified under Kentucky law). In Ohio, the primary grounds for disqualifying a prosecutor are: (1) a conflict of interest; (2) an inability or refusal to participate in proceedings "with a reasonable degree of propriety;" and (3) egregious misconduct. *Royal Indem. Co. v. J.C. Penney Co.*, 501 N.E.2d 617, 620 (Ohio 1986).

Defendant has failed to demonstrate that removal of the AUSAs from this case is warranted. With respect to Defendant's civil suit against the AUSAs, the mere filing of a civil suit against a prosecutor by a criminal defendant does not automatically create a conflict of interest. *See United States v. Kahre*, 737 F.3d 554, 574 (9th Cir. 2013) (noting that "proof of a conflict must be clear and convincing to justify removal of a prosecutor from a case," and that "[o]therwise, . . . prosecutors could be removed simply by the filing of an action against them"). Defendant's remaining arguments—that the government failed to serve her with a motion and improperly requested a privilege waiver—similarly fail. Such conduct falls far short of demonstrating egregious misconduct or an inability to proceed with reasonable propriety. Moreover, because both of these issues stem from Defendant's Motion to Vacate (Doc. 114), which the Court dismissed at Defendant's

request, these issues are moot and resulted in no prejudice. Therefore, Defendant's Motion to Remove Prosecutors (Doc. 117) is denied.

For the foregoing reasons, the Court **ORDERS** the following:

1. Defendant's Motion to Delay Federal Restitution Payments (Doc. 115) is **DENIED**;
2. Defendant's Motion to Remove Prosecutors (Doc. 117) is **DENIED**; and
3. Defendant's Motions for Reconsideration (Docs. 122, 127) are **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland

JUDGE MATTHEW W. McFARLAND